Helen H. PAVLIDIS, et al., Plaintiffs,

v.

NEW ENGLAND PATRIOTS FOOTBALL CLUB, INC., William H. Sullivan, Jr. and Mary H. Sullivan, Defendants.

Civ. A. No. 76–4240–S.

United States District Court,
D. Massachusetts.

April 10, 1987.

Camille F. Sarrouf, Anthony Tarricone, Boston, Mass., Nathaniel S. Weinter, Norwood, Mass., for plaintiffs.

Richard E. Bachman, George T. Finnegan, John D. Donovan, Jr., Ropes & Gray, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON CLASS RECOVERY ISSUES

SKINNER, District Judge.

I have previously found and ruled that under Massachusetts law the defendants violated their fiduciary duties to certain owners of nonvoting stock of the New England Patriots Football Club, Inc. ("Old Patriots") by arranging a merger of that corporation into a new corporation also called the New England Patriots Football Club, Inc., ("New Patriots") for their personal benefit. Findings, Rulings and Order for Judgment, November 19, 1986. The question now remaining is which members of the class certified are entitled to recover the rescissory damages deemed appropriate in this case by the Supreme Judicial Court. *Coggins v. New England Patriots Football Club, Inc.,* 397 Mass. 525, 492 N.E.2d 1112 (1986). There are three groups of shareholders which must be separately considered: those who voted in favor of the merger, those who voted against, and those who abstained. These groups can be further broken down into those who turned in their shares, and those who did not.

### Shareholders Who Voted in Favor of the Merger

"A stockholder who, with knowledge of the facts, himself has given his consent to, or acquiesced in, acts of the directors or other corporate officers, or of majority stockholders, cannot ordinarily attack such acts afterwards." 12B W. Fletcher, Cyclopedia of the Law of Private Corporations, § 4862 (rev.perm.ed. 1984). Massachusetts law recognizes that a shareholder may be estopped from challenging corporate action by his acquiescence. *Uccello v. Gold'n Foods, Inc.*, 325 Mass. 319, 90 N.E. 2d 530 (1950). "Acquiescence is conduct from which may be inferred assent with a consequent estoppel or quasi estoppel." *Id.*, at 328, 90 N.E.2d 530.

The argument that plaintiffs did not *knowledgeably* acquiesce is foreclosed by my finding that the proxy statement was not materially misleading. Plaintiffs appear to argue that even if the proxy statement was not materially misleading under federal securities law, it must meet a higher standard before knowing acquiescence may be found under Massachusetts common law. I disagree. The fiduciary duty imposed on a majority shareholder under Massachusetts law is to disclose material information. *Sugarman v. Sugarman*, 797 F.2d 3, 8 (1st Cir.1986). Courts in other states have held that the standard of materiality applicable to state fiduciary duty claims is no different than that applied to federal securities law claims. *Flynn v. Bass Bros. Enterprises*, 456 F.Supp. 484, 493 (E.D.Pa.1978) (applying Delaware law); *Sanders v. Thrall Car Manufacturing Company*, 582 F.Supp. 945, 970 (S.D.N.Y.1983), *aff'd*, 730 F.2d 910 (2d Cir.1984) (adopting the opinion of the district court) (applying Iowa law). Our court of appeals at least implied in *Sugarman, supra*, that it would impose the same disclosure duty on Massachusetts fiduciaries as is imposed under federal law. Since I have already found that the proxy materials gave the plaintiffs all the information they needed to make an informed decision, I find that they met defendants' fiduciary duty of disclosure as well.

Plaintiff makes only two other arguments in favor of recovery by those who voted in favor of the merger. The first is that defendants are estopped from pleading acquiescence, both by their failure to plead it as an affirmative defense earlier in the proceedings, and because of laches. I am not convinced. First, as defendants point out, plaintiffs initially pursued this action as a securities case. As a matter of law, *Coggins* is now controlling in this court on the issue of what constitutes a fiduciary duty violation, but in 1986 it was a significant extension of previous Massachusetts law on the question, and defendants should be permitted to assert a new defense which was not appropriate to the initial posture of the case. Moreover, this is a class action, and defendants are entitled to assert whatever defenses they may have against individual class members, even after a general finding of liability.

Finally, the reasons behind the doctrine of acquiescence require that defendants be permitted to assert it as a defense wherever applicable. It goes to the core of the fiduciary duty of the majority to the minority. A stockholder who joins the majority can hardly complain of the majority's action. Contrary to plaintiffs' arguments, acquiescence does not simply exist to prevent plaintiffs from enjoying the benefit of some wrongful corporate conduct and then later challenging it. There is a public policy in favor of finality. A corporation must be confident that where its shareholders have knowledgeably agreed to a particular course of action, regardless of whether or not they received any benefit, the corporation is free to embark on the action so approved. Those members of the plaintiff class who voted in favor of the merger may not now be heard to challenge it.

### Those Who Voted Against the Merger [1] —Shareholders Who Did Not Seek Appraisal

Shareholders who voted against the merger and did not seek appraisal for their

---

1. Defendants argue throughout their brief that

various aspects of the decision in *Coggins* deny-

shares cannot be said to have acquiesced in the merger, regardless of whether they turned in their shares. As a matter of simple logic, those who voted against a transaction cannot be said to have acquiesced to it. Defendants have cited no case law, either in Massachusetts or elsewhere, to convince me otherwise.

Defendants argue that those who turned in their shares have acquiesced because they accepted a benefit from the transaction. *Kahn v. Household Acquisition Corp.*, No. 6293, slip op. (Del.Ch. December 12, 1980) [Available on WL, 1980 WL 3185] (available on LEXIS) ("Kahn I"), is instructive on this point. In *Kahn I*, as in this case, a proposed merger was announced. The named plaintiff filed a purported class action seeking to enjoin the merger. The chancellor denied the injunction, stating that:

> [i]f the merger is approved, the minority shareholders will be entitled to receive [the merger consideration] to have and invest as they see fit while the case is proceeding. If plaintiff prevails under her theories, the defendants can be required to pay such an additional amount to each minority shareholder as may be found necessary to constitute a fair price.

The merger went forward. Plaintiff continued with her lawsuit, claiming that the merger violated Delaware corporate law. The defendants argued that she had acquiesced in the merger by turning in her shares after the merger was approved. The court refused to find that the plaintiff had acquiesced. It noted that the plaintiff turned in her shares "while her suit attacking the merger was pending and being actively pursued by her ... Thus, in accepting payment of the merger price, plaintiff did no more than accept the amount she was powerless to do anything about until such time as she could present her evidence and obtain a decision in this case." *Kahn v. Household Acquisition Corp.*,

No. 6293, slip op. (Del.Ch. January 19, 1982) 7 Del.J.Corp.L. 324, 327 ("Kahn II") [Available on WESTLAW, 1982 WL 8778].

The same situation was present in this case. Plaintiff filed her class action suit attempting to enjoin the merger. Failing in that attempt, she maintained her suit. There was nothing else she could do until this court reached a decision on the merits. "[T]he fact that she elected to take payment while pursuing her suit—under protest so to speak—negates the existence of an element critical to the *Trounstine* decision [estopping a shareholder suit]. It belies any thought to acquiescence." *Id.*, at 328.

The Delaware courts may limit the *Kahn* holding to cases in which those proposing the merger have enough votes to succeed regardless of how minority shareholders vote. *See Schlossberg v. The First Artists Production Company, Ltd.*, Civil Action No. 6670, slip op. (Del.Ch. May 22, 1984). However, its logic is not so limited. It does not matter whether all shareholders opposing the merger have the votes to prevent it. The only relevant question is whether each individual shareholder has voted to approve the merger. It would be unjust to prevent shareholders who feel that the merger was wrongful—and who have done all they can to prevent it—from collecting what they can when they can, while their challenge proceeds.

Defendants, of course, are entitled to a credit against their ultimate liability for the per share payments previously made to particular plaintiffs.

### Shareholders Who Sought Appraisal

█ Shareholders who sought appraisal in *Sarrouf v. New England Patriots*, 397 Mass. 542, 492 N.E.2d 1122 (1986), are barred from recovery in this action. The shareholders are attempting to eat their cake and have it too. In pursuing this

---

ing the Pavlidis' plaintiffs' motion to intervene should cause me to deny recovery here. However, it is clear that the decision in *Coggins* denying intervention by the *Pavlidis* class was procedural only, and I have already held it to be so. Findings, Rulings and Order for Judgment,

*supra.* The SJC specifically stated in *Coggins* that "[t]he Pavlidis class must stand or fall on the merits of its own pending Federal proceeding." The SJC used the words "federal proceeding," not federal claim.

**700**

course, plaintiffs rely on the appraisal statute, which states, in part:

> The enforcement by a stockholder of his right to receive payment for his shares in the manner provided in this chapter shall be an exclusive remedy except that this chapter shall not exclude the right of such stockholder to bring or maintain an appropriate proceeding to obtain relief on the ground that such corporate action will be or is illegal or fraudulent as to him.

M.G.L. c. 156B, § 98. However, this section merely provides that the appraisal remedy is not the *exclusive* remedy where a shareholder feels that the merger was wrongful; it does not, however, permit a shareholder to avoid *election* of a remedy. If a shareholder thinks that a merger is illegal, he may sue for rescission rather than seek appraisal, but he cannot do both. This has long been the rule in Delaware. *See, e.g., Cede & Co. v. Technicolor, Inc.,* Civil Action Nos. 7129, 8358, slip op. (Del.Ch. January 13, 1987) [Available on WESTLAW, 1987 WL 4768] (appraisal remedy not exclusive, but plaintiff aware of potential fraud claim must elect a remedy).

The reason behind this position was given in *Kahn II, supra,* at 326. In appraisal actions, "the sole issue is one of value, and the appraisal right exercised does not involve necessarily a contention of breach of fiduciary duty as much as it reflects a difference of opinion." In other words, while those who seek appraisal challenge the value placed on the corporation, they at the same time ratify the fundamental change brought about by the merger.

### Those Who Abstained

Shareholders who abstained from the merger vote are in no different a position than those who voted against the merger; they too are entitled to recover. The Massachusetts cases demonstrate that acquiescence is not to be inferred from abstention. In *Braunstein v. Devine,* 337 Mass. 408, 149 N.E.2d 628 (1958), a shareholder challenged certain corporate actions as violating the directors' fiduciary duty. The directors pointed out that the actions

in question had been approved at a shareholders' meeting which the defendant attended. The defendant had not voted on the issue, and the defendants argued that he had therefore acquiesced. The court ruled that abstention could not be considered acquiescence where the shareholder could have considered a "no" vote to be pointless. *Id.,* at 413, 149 N.E.2d 628. "His abstention from voting could not have led the directors or the other stockholders to suppose that he acquiesced in the vote. *See Uccello v. Gold'n Foods, Inc.,* 325 Mass. 319, 328, 90 N.E.2d 530. His subsequent course of conduct was consistent with a present and continuing purpose to question the acts of the individual defendants." *Id., see also, Janes v. Washburn Co.,* 326 Mass. 356, 362, 94 N.E.2d 479 (1950) (abstention is not acquiescence where "there is no reason to think that any protest by her would have been effectual."). *See also,* Gilson, *The Case Against Shark Repellent Amendments: Structural Limitations on the Enabling Concept,* 34 Stan.L.Rev. 775, 822–27 (1982).

The statute in question makes clear that those who abstained on the merger vote should be in no different position than those who voted against the merger, because merger approval required the affirmative vote of a majority of each class entitled to vote. M.G.L. c. 156B, § 78(c)(1)(iii). Abstention was as effective as voting against the merger. Given the incentives faced by rational shareholders, *see* Gilson, *supra,* a shareholder who opposed the merger would be as likely to abstain as to vote against. In any case, those who abstained as well as those who voted against the merger did all that the law required them to do to demonstrate their nonacquiescence; they did all that they needed to do to preserve their rights.

### Summary

Those shareholders who voted in favor of the merger are barred by their knowledgeable acquiescence from recovering in this action. Those who sought appraisal are barred by their election of that remedy. Those who voted against the merger, but did not seek appraisal, and those who ab-

stained are entitled to rescissory damages under the decision in *Coggins*, regardless of whether or not they turned in their shares for the consideration offered by the defendants.

The clerk shall forthwith assign a date for a conference of counsel to schedule further proceedings.